No. 02-493

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 340N

IN RE THE MARRIAGE OF
RENEE ROCHELLE FORD,

        Petitioner and Respondent,

   and

OREN JOE FORD,

        Respondent and Appellant.

APPEAL FROM:   District Court of the Sixteenth Judicial District,
                In and for the County of Rosebud,
                The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        George T. Radovich, Attorney at Law, Billings, Montana

        For Respondent:

        Stephen C. Mackey, Towe, Ball, Enright, Mackey & Sommerfeld, P.L.L.P.,
        Billings, Montana

                Submitted on Briefs:  November 21, 2002

                      Decided:  December 23, 2002

Filed:

_____
                Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Oren Joe Ford ("Joe") appeals from the order of the Sixteenth Judicial District Court, Rosebud County, which dissolved his marriage to Respondent Renee Ford and distributed the marital estate. We affirm.

¶3 The sole issue on appeal is whether the District Court abused its discretion when it distributed the marital estate.

BACKGROUND

¶4 Joe and Renee were married on December 31, 1987, in Conrad, Montana. Two children were born of the marriage. In August of 1999, Joe voluntarily checked himself into an alcohol treatment program. That same month Renee moved with the children to Medford, Oregon.

¶5 On August 31, 1999, Renee petitioned the District Court to dissolve the marriage. Following a non-jury trial, the District Court entered its Findings of Fact, Conclusions of Law, and Order on June 19, 2002. Therein, the District Court dissolved the marriage, adopted a parenting plan naming Renee as the primary custodian, ordered Joe to pay $643.00 per month in child support,

2

and distributed the marital estate. As for the property distribution, Joe received assets valued at $112,772.87 and debts valued at $114,283.14. Renee received assets valued at $19,150.00 and debts valued at $8,300.00.

¶6 On July 3, 2002, Joe filed a notice of appeal from the District Court's order. Joe's appeal challenges the property distribution only.

## STANDARD OF REVIEW

¶7 We review a district court's findings of fact regarding the division of marital property to determine whether they are clearly erroneous. *In re Marriage of Ortiz* (1997), 282 Mont. 500, 503, 938 P.2d 1308, 1310. A finding is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if our review of the record convinces us that the district court made a mistake. *Kovarik v. Kovarik*, 1998 MT 33, ¶ 20, 287 Mont. 350, ¶ 20, 954 P.2d 1147, ¶ 20. If the findings are not clearly erroneous, we will affirm the distribution of property unless the district court abused its discretion. *In re Marriage of Stufft* (1996), 276 Mont. 454, 459, 916 P.2d 767, 770.

## DISCUSSION

¶8 Did the District Court abuse its discretion when it distributed the marital estate?

¶9 Joe contends that "the trial court, in awarding approximately 116% of the marital estate to the Wife, has committed very serious and reversible error . . . ." Joe maintains that the District

Court entered the distribution in a "conclusory fashion" with no indication that it considered the factors delineated in § 40-4-202, MCA. Joe does not allege that the District Court erred in valuing the marital assets or that the findings of fact are not supported by substantial evidence. Further, Joe does not argue that the District Court misinterpreted the law. Joe simply submits that the property distribution is disproportionate and, therefore, erroneous.

¶10 Section 40-4-202, MCA, requires that a court equitably apportion the marital estate in a proceeding for dissolution of a marriage. In apportioning the marital estate, the court shall:

> consider the duration of the marriage and prior marriage of either party; the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties; custodial provisions; whether the apportionment is in lieu of or in addition to maintenance; and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution or dissipation of value of the respective estates and the contribution of a spouse as a homemaker or to the family unit.

Section 40-4-202(1), MCA. A district court has broad discretion pursuant to § 40-4-202, MCA, to distribute the marital estate in a manner that is equitable to each party according to the circumstances of the case. *In re Marriage of Harkin*, 2000 MT 105, ¶ 24, 299 Mont. 298, ¶ 24, 999 P.2d 969, ¶ 24. A court abuses its discretion in a dissolution proceeding if it acts arbitrarily without employment of conscientious judgment or it exceeds the bounds of reason resulting in substantial injustice. *Harkin*, ¶ 24.

4

¶11 The District Court entered findings regarding the duration of the marriage, as well as the health, current occupation, earning potential, custodial needs, and liabilities of the parties. The District Court also entered findings about Joe's substance abuse problems and his current status in that regard. As for dissipation of the marital estate, the District Court found that, during the marriage, Joe "was losing $140-150 per month gambling, although at times it may have been as much as $160 per week." Finally, the District Court itemized each marital asset and its respective value.

¶12 The District Court tabulated the marital debt at $122,583.14 and apportioned $114,283.14 of the debt to Joe. However, most of the debt was incurred in purchasing marital assets which the District Court also awarded to Joe, i.e., the family home, other real property, and a 1991 Nissan automobile. The District Court valued the marital estate at $131,922.87 and awarded $112,772.87 in assets to Joe. Therefore, while the District Court did burden Joe with a substantial portion of the marital debt, it also awarded Joe a majority of the marital assets. Further, both parties admit that they individually incurred credit card debt following their separation. Again, the District Court itemized each of these liabilities and apportioned them to the party which incurred the respective debt. The District Court awarded only $8,300.00 of the marital debt to Renee. However, Renee received only $19,150.00 in marital assets.

¶13 As indicated above, Joe raises general allegations of error only. He does not challenge the District Court's findings of fact or contend that the court misapplied or misinterpreted the law. Joe simply maintains that the disproportionate award compels reversal. However, in dividing a marital estate, a district court must reach an equitable distribution, not necessarily an equal distribution. *In re Marriage of Walls* (1996), 278 Mont. 413, 416, 925 P.2d 483, 485. Further, a district court's decision is presumed correct and it is the appellant who bears the burden of establishing error by that court. *Matter of M.J.W.*, 1998 MT 142, ¶ 18, 289 Mont. 232, ¶ 18, 961 P.2d 105, ¶ 18. Joe simply has not established that the District Court acted arbitrarily or exceeded the bounds of reason when it distributed the parties' marital estate. Accordingly, we hold that the District Court did not abuse its discretion when it distributed the marital assets as it did.

¶14 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ TERRY N. TRIEWEILER
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART

6